OTT, Judge.
Appellee (Helene Alberts) had a standing request from appellant to furnish him particulars as to Florida mobile home parks which were available for purchase. Pursuant to this request, appellee informed appellant of a certain mobile home park in Pinel-las Park that was for sale and put appellant in touch with the owner of the park. Subsequently the corporation with which appellant was associated purchased the park. Three days before the transaction was closed, appellant wrote apftellee a letter in which he agreed to pay her $10,000 “for services rendered in connection with feasibility studies in the State of Florida.”
Appellee filed suit alleging in her amended complaint that the letter was a bona fide promissory note for the “finder’s fee” due her. Appellant moved to dismiss the amended complaint, asserting that appellee had failed to allege that she was a licensed broker or salesman, though her actions as described therein came within the purview of Chapter 475, Florida Statutes, the Florida Real Estate License Law. The motion was denied and, following a nonjury trial, final judgment was entered for appellee.
Appellee testified that the service for which she sought compensation was a “feasibility study, which is actually putting them [appellant] in touch with the owner of the park.” She testified that she was a registered real estate salesman, employed with or under a duly licensed Miami broker, and that she was employed by the broker at the time the sale of the subject mobile home park was consummated. Appellee’s services — regardless of how characterized— were clearly that of a real estate salesman or broker under Section 475.01(2), Florida Statutes (1977). That section provides in pertinent part:
Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised . . direct or assist in the procuring of prospects . which does, or is calculated to, result in a sale . . . shall be deemed and held to be a ‘real estate broker’ or a ‘real estate salesman’ .
Since appellee operated as a real estate salesman in the subject transaction, we hold that suit in her own name to collect the “finder’s fee” is prohibited by Section 475.-42(l)(d), Florida Statutes (Supp.1978), which provides:
No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer, . and no real estate salesman, whether the holder of a valid current registration certificate or not, shall commence or maintain any action for a commission or compensation, in connection with a real estate brokerage transaction, against any person except a person registered as his employer at the time the cause of action is alleged to have arisen.
Accordingly, we set aside the final judgment entered below and remand with directions that appellee’s amended complaint be dismissed.
SCHEB, Acting C. J., and RYDER, J., concur.